## Case No. 6,790.

### HOWES v. NUTE.

[4 Cliff. 173; 4 Fish. Pat. Cas. 263.] 1

Circuit Court, D. Massachusetts. Oct. Term, 1870.

PATENTS — SUIT FOR INFRINGEMENT AFTER EXPIRATION — PATENT AS PRIMA FACIE EVIDENCE— SUFFICIENCY OF DESCRIPTION — DEFENCES NOT SET UP IN ANSWER—BURDEN OF PROOF —SIMILARITIES—ADDITIONS.

1. Suits in equity to recover gains and profits, or actions at law to recover damages for the infringement of letters patent, may be maintained, in a proper case, after the patent has expired, if the alleged infringement took place during the term for which the patent was granted, and the suit was commenced before the right of action was barred by the statute of limitations.

[Cited in Gordon v. Anthony, Case No. 5,605; Atwood v. The Portland Co., 10 Fed. 284.]

2. When a patent has been duly granted, the introduction of it in evidence, accompanied by proof of infringement by the respondent, puts the defendant upon his defence.

3. The question as to the sufficiency of a description must be determined like a question of construction, from what is written, aided by the drawings, and, if need be, by the patent-office model.

4. Particular passages in a description must not be separated from what precedes or follows them in the same connection; but one part of the instrument must be compared with another, and the whole considered together, in order to determine whether it is incomplete and ambiguous, or sufficient to uphold the claim.

5. If the drawings are clear, reference to them may be made in the written description, to aid in an understanding of the nature of the invention.

6. Defences not set up in the answer will not be considered by the court in rendering its decision.

7. Want of novelty and non-infringement being set up in the answer, the burden of proof on these issues is upon the respondent.

8. Similarities in construction are usually found in inventions relating to the same subject, and they may cover every device but one in the latest patent, and yet the last improvement be one of great value.

9. Where there were several similarities between an older patent and the one in suit, but still essential differences showing to the court that complainant's apparatus was not the same as the former patent, complainant's patent was *held* essentially different in construction and operation, from the former patent.

10. Additions may be made to a patented invention, but those do not entitle the respondent to use that of the complainant in connection with such additions, and for such use of the patented invention the respondent is liable.

This was a bill in equity, filed to restrain the defendant from infringing letters patent [No. 11,125] for "extra yards for topsails," granted to complainant June 20, 1854. The claim of the patent was as follows:

"The application of an extra yard, supported by truss, crane, or brace, as herein described, or any other substantially the same, and that will produce the same effect."

[The suit was brought by Frederick Howes against James Nute.]

James E. Maynadier, for complainant.
James N. Hudson, for defendant.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

CLIFFORD, Circuit Justice. The letters-patent bear date June 20, 1854, and it appears that the patent was granted for the term of fourteen years from that date, and the complainant alleged that the respondent, on Jan. 1, 1860, at Boston, in this district, and at various other places in the United States, constructed, used, and sold many articles embracing the improvement so secured by the letters-patent. Suits in equity to recover gains and profits, or actions at law to recover damages for the infringement of letters-patent, may be maintained, in a proper case, even after the patent has expired, if the alleged infringement took place during the term for which the patent was granted, and the suit was commenced before the claim was barred by the statute of limitations. Claims of the kind may be barred by the statute of limitations; but no such defence is set up in this case, and the point may be dismissed without further remark. Granted in due form, as the letters-patent introduced by the complainant were, they afford a prima facie presumption that the patentee was the original and first inventor of what is therein described as his improvement, and the charge of infringement being proved, the letters-patent are unquestionably sufficient to put the respondent upon his defence. Two defences are set up in the answer to the merits of the claim made by the complainant.

That the complainant is not the original and first inventor of the improvement which he has described and claimed in his letters-patent. That even if he is, the complainant is not entitled to a decree, as the respondent has not infringed the same, as alleged in the bill of complaint. Certain other defences are also set up in the answer, and as they are in their nature preliminary, they will be briefly noticed before proceeding to examine the merits of the controversy. They are in substance and effect as follows: That the description of the invention, and of the manner of constructing the same, is incomplete, ambiguous and insufficient to show what the invention is, or to enable persons skilled in the art or science to which it appertains, or with which it is most nearly connected, to make and construct the invention.

That the description and specification contain more than is necessary to produce the described effect, and that the addition beyond what was necessary for that purpose was made to deceive the public. Evidently the

1 [Reported by William Henry Clifford, Esq., and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 4 Cliff. 173, and the statement is from 4 Fish. Pat. Cas. 263.]

question as to the sufficiency of the description and specification must be determined, like a question of construction, from what is written, aided by the drawings, and, if need be, by the patent-office model. Particular passages in the description must not be separated from what precedes or follows them in the same connection, but one part of the instrument must be compared with another, and the whole considered together, in order to determine whether it is incomplete and ambiguous, or sufficient to uphold the claim of the patent, and when properly examined in accordance with those suggestions, the court is of the opinion that the first objection is without any foundation. Even the introductory explanation of the patentee is a sufficient answer to every element of the objection, as stated in the answer. He states that he has invented a new and improved mode of applying and supporting a second or extra top-sail yard, by means of a truss, to the cap of the lower masthead, and also a crane or brace to the heel of the topmast top, or trestle-trees to the lower mast, and he refers to the accompanying drawings, as containing a full and exact description of the invention, and it is difficult to see what more is needed to render the description complete, unambiguous and sufficient for all practical purposes. Had he stopped there, the objection could not prevail, but he proceeds and states that his invention consists in applying an extra yard to any topsail, and supporting it upon the cap of the lower masthead by a truss and crane as "hereinafter described," so that the upper topsail yard may be lowered down in close proximity to the said extra yard. Satisfactory explanations are also given as to the construction of the topsail, and as to the mode in which the improvement operates, and the same is somewhat minutely compared with the old mode, for the purpose of showing the utility and superiority of the improvement over what existed before, and reference is again made, in that part of the specifications, to the drawings, as explanatory of the mode of operating the described improvement.

Specific directions are then given, to enable others skilled in the art to make and use the invention, and the patentee then proceeds to describe with minuteness its construction and operation. Governed by that description, and aided by the drawings, to which reference is made for every ingredient of the invention, it seems to the court that even mechanics who have never seen salt water, would be able to construct and use the improvement. Any reproduction of that part of the specification in this connection is unnecessary, as the description is plain and easy to be understood without any explanation, except what is derived from the drawings.

Defences not set up in the answer will not be examined, and all such may be regarded as overruled on that account. Much time, it is claimed, is saved by this improvement in reefing the sail, and that the desired result may be accomplished by one third of the number of men required when the improvement is not employed, as the upper yard, under this improvement, may be lowered to the new yard, and the upper part of the topsail, as divided, drops behind the lower half, so that when furled, or taken in, the lower half may be closed in by the usual tackle, and in the ordinary way. What the patentee claims is the application of an extra yard supported by a truss, crane, or brace, as described in the specification, or any other substantially the same, and which will produce the same effect. Stripped of all mere verbiage, the invention, as claimed, is for the extra yard applied and supported by a truss and crane as described in the specification and drawings. They show a yard attached to the cap by means of a truss supported by a crane or brace; but the invention is not the truss or crane, nor merely of the extra yard; but the claim is for the application of an extra yard supported by truss and crane or brace, or, in other words, for the method as shown in the means employed of rigging the yard as described, so that it shall be applied at the proper place, and there be held securely at a proper distance from the mast, and in such a manner that it will allow the upper topsail yard to be lowered in close proximity to it, substantially as described. Construed in this way, as the letters-patent must be, the only questions which remain to be considered are those involved in the merits. Both the novelty of the invention and the charge of infringement are denied by the respondent.

Want of novelty being set up by the respondent, the burden is upon him to prove the allegation, as the prima facie presumption is the other way; and in this connection reference will be made, in the first place, to the apparatus described in the foreign patent granted to Daniel Tonge, as the patent in that case is the exhibit mainly relied on by the respondent in support of that issue. Similarities between the two are certainly apparent, both in the specifications and drawings, and it must be admitted that those similarities have been skilfully invoked by the respondent to support his view of the controversy; but similarities in construction are usually found in inventions relating to the same subject, and they may comprehend every device but one in the machine, and yet the second improvement may be one of great value. Grant that there are several similarities of construction between the two contrivances in this case, still there are essential differences also, which show to the entire satisfaction of the court that the apparatus of the complainant is not substantially the same as that of the foreign patentee, either in construction or mode of operation. Complainant's extra yard, which may be constructed in any of the known forms, is sup-

ported by a truss as shown in the drawings, and the same is attached to the cap connected to the after part of the yard by iron bands, also shown in the drawings, and on the forward part by a brace or crane, the upper end being connected to the band by a swivel head, and the lower end of the brace or crane is attached to the band by a pintle. Concede that the foreign invention employs an extra yard, that it describes a sail divided into two parts, the topsail head being permanently attached to the upper yard and the topsail foot to the extra yard, yet the patentee states in his specification, that in rigging his second or extra yard, he adopts the usual mode of rigging topsail yards where one yard only is used, which of itself shows that the invention of the complainant is substantially different. Arranged in that way, the patentee, in that patent, states that a single brace will answer for the upper yard, as he proposes to employ a double one for the lower yard, and he also states that he furnishes "both the yards with the usual appendages of halyards, lifts, braces, and foot-ropes." Slight attention to the description of the respective improvements as given in the specifications will show conclusively that the extra yard in the foreign patent, if it is capable of any beneficial use, must be applied and supported in a very different manner from that described in the specification of the complainant, and that the effect produced by the complainant's invention is much better than that produced by the other invention, and that the complainant's invention, as compared with that, is plainly both new and useful, as the upper topsail yard may without inconvenience be lowered quite down to the extra yard, so that the upper half of the topsail will drop entirely behind the lower half of the sail.

Compared with care, both the descriptions and drawings of the inventions show very clearly that the apparatus of the complainant is applied and supported in a manner widely different from that described in the foreign patent, as the extra yard of the complainant's invention is supported by a truss attached to the cap, which is connected by iron bands to the after part of the yard, and on the forward part by a brace or crane, the upper end being connected to the band by a swivel head, while the lower end of the brace or crane is attached to the band by the means and in the manner set forth in the specification. Other essential differences between the two inventions might also be pointed out, as, for example, that the extra yard in one is applied at the cap, and that in the other it is applied above the cap, that in one it is stationary, and that in the other it hoists and lowers, and that in one it is trussed out from the cap, and that in the other it is held close to the topmast by pawls; but it does not seem to be necessary to pursue the subject, as the differences already pointed out and suggested are quite sufficient to show that the apparatus under consideration can-

not be regarded as superseding that of the complainant. Special examination of the other devices introduced in evidence, as superseding the complainant's invention, does not appear to be necessary. as it is clear that the explanations already given are sufficient to show that no one of them is of a character to defeat the right of the complainant to recover in this suit. Some of them are subsequent in date, and all are substantially different in so many obvious particulars, that it would seem to be a waste of time to enter into any details upon the subject. Construed as the patent is by the court, an inspection of the apparatus made by the respondent is sufficient to show that it infringes the invention of the complainant as described in his specifications and drawings. Additions have perhaps been made to the patented apparatus by the respondent; but he has taken the entire invention of the complainant, and for that he is accountable.

Decree for complainant.